J-S45037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW VERHEYEN | : | |
| | : | |
| Appellant | : | No. 326 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 10, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006603-2005

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED OCTOBER 27, 2020**

Matthew Verheyen (Appellant) appeals from the judgment of sentence imposed following his expulsion from the State Intermediate Punishment program (SIP).[1] Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court recounted the factual and procedural history as follows:

On December 15, 2005[, Appellant] pled guilty to one count of attempted criminal trespass,[2] a third-degree felony. The Affidavit of Probable Cause that was the factual basis for the plea states that on September 8, 2005 an Upper Darby police officer

_____

[1] 61 Pa.C.S.A. §§ 4101-08.

[2] 18 Pa.C.S.A. §§ 901(a)/3503.

was called to the victim's address. An attempted break-in was in progress. When the officer arrived he found a window to the residence broken and [Appellant] in the backyard. The victim reported that [Appellant] had tried to enter his residence and when confronted, [Appellant] tried to run away. [Appellant] threatened the victim with a glass bottle and attempted to "flick" blood onto him. [Appellant] was immediately taken into custody.

On December 15, 2005[, Appellant] was sentenced to twenty-four months of probation. He was found to be in violation of his probation on May 18, 2011.[3] Probation was revoked and he was sentenced to twelve to twenty-four months of incarceration to be followed by three years of probation.

On November 8, 2018 probation was again revoked and a sentence of one year of probation and twenty-four months of [SIP] was imposed.

[Appellant] was expelled from the [SIP] program. On October [3], 2019[, Appellant] was sentenced to twenty to sixty months of incarceration with credit for time-served after a *Gagnon II* hearing. [Appellant] filed a motion for reconsideration on October 22, 2019.[4] The October [3, 2019] sentence was vacated to allow the [c]ourt time to schedule a hearing and to reconsider [Appellant's] sentence before the thirty-day jurisdictional time expired.

On December 10, 2019[,] the sentence of twenty to sixty months of incarceration with credit for time-served from January 8, 2018 was again imposed. Because the credit for time-served was 701 days[, Appellant] had already served his minimum on the day that this sentence was imposed. A motion for reconsideration was not filed.

_____

[3] The Commonwealth states that Appellant violated his probation while serving consecutive probation on an unrelated case. ***See*** Commonwealth Brief at 2.

[4] The trial court notes that Appellant timely filed his motion for reconsideration of sentence *pro se*, but because he was still represented by counsel, the court forwarded the motion to Appellant's counsel. Trial Court Opinion, 2/13/20, at 2 n.2. Appellant's counsel subsequently filed an omnibus post-trial motion, which included a motion for reconsideration of sentence.

On January 9, 2020[, Appellant's] counsel filed a timely Notice of Appeal. In response to an Order directing counsel to file a Statement of Errors Complained of on Appeal[,] counsel has stated his intent to file an **Anders** brief which will address [Appellant's] challenges to the legality of the sentence imposed and the discretionary aspects of sentencing.

Trial Court Opinion, 2/13/20, at 1-2 (citations to notes of testimony and some footnotes omitted; footnotes 2, 3, and 4 added).

On June 23, 2020, Counsel filed an **Anders** brief, in which he avers that Appellant's appeal is frivolous and requests permission from this Court to withdraw from representation. Appellant did not file a response to Counsel's **Anders** brief or raise any additional claims.

We begin with the particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized the requirements as follows:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand

- 3 -

the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to the content of an **Anders** brief:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. When faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has satisfied the above requirements, it is this Court's duty to review the trial court proceedings to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel has complied with the requirements of **Anders**. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 6/25/20, ¶ 2. In conformance with **Santiago**, Counsel's brief includes

summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 4-6. Counsel sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id.* Finally, Counsel has attached to his petition to withdraw the letter he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Petition to Withdraw as Counsel, 6/25/20, Ex. A. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel, and raise any additional issues that he deems worthy of this Court's consideration. *Id.* We thus proceed to Appellant's substantive claims:

a. Whether the trial court imposed an illegal sentence.

b. Whether the trial court abused its discretion in imposing the sentence.

*Anders* Brief at 3.

In his first claim, Appellant challenges the legality of his sentence. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013) (citation omitted). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014) (citation omitted).

We have previously recognized that an SIP sentence is analogous to a sentence of probation. *Commonwealth v. Flowers*, 149 A.3d 867, 872-73 (Pa. Super. 2016) (citation omitted). As such, upon expulsion from the SIP

program, the "sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S.A. § 9771(b).

Section 1103 of the Crimes Code provides, in relevant part:

Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows: . . .

(3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

18 Pa.C.S.A. § 1103(3).

Here, Appellant was expelled from the SIP program and resentenced by the trial court to 20 months to 60 months of incarceration. **See** N.T., 12/10/19, at 11. This sentence does not exceed the statutory maximum sentence for a third-degree felony. **See** 18 Pa.C.S.A. § 1103(3). Therefore, the trial court's sentence is supported by statutory authority and we agree with Counsel's conclusion that Appellant's legality of sentencing claim is frivolous. **See Anders** Brief at 4 ("The sentence of 20 [] to 60 months [] is within the allowable sentencing terms for a third-degree-felony. As a result of the foregoing, it is [C]ounsel's opinion that there are no issues of arguable merit with regard to the legality of the sentence imposed.").

In his second claim, Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super.

2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

As noted, Appellant filed a timely notice of appeal. However, he has failed to preserve his discretionary aspects claim because he did not raise it at sentencing or in a post-sentence motion.[5] To challenge the discretionary aspects after resentencing, "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition." Pa.R.Crim.P. 708(E). The comment to Rule 708 states:

Once a sentence has been modified or re-imposed pursuant to a motion to modify sentence under paragraph (E), a party wishing to challenge the decision on the motion does not have to file an additional motion to modify sentence in order to preserve an issue for appeal, **as long as the issue was properly preserved at the time sentence was modified or re-imposed**.

---

[5] In addition, Counsel did not include a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f). **See Anders** Brief at 2-6. However, we have previously held that "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

Pa.R.Crim.P. 708(E) (emphasis added); *see also Commonwealth v. Presley*, 193 A.3d 436, 447 n.4 (Pa. Super. 2018).

It is well-settled that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). "[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003) (citations omitted).

The requirements of Rule 302 apply when counsel files an *Anders* brief. In *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016), counsel filed an *Anders* brief raising a discretionary aspects of sentencing claim, and we found waiver because he failed to preserve it at sentencing or in a post-sentence motion. *Id.* at 888.

Here, Appellant was initially resentenced on October 3, 2019. He then filed a motion for reconsideration of sentence. In response, the trial court vacated Appellant's sentence and scheduled a resentencing hearing for December 10, 2019. At the conclusion of the hearing, the trial court re-imposed Appellant's sentence of 20 to 60 months of incarceration. *See* N.T., 12/10/19, at 11 ("After hearing from [Appellant], as well as the probation and Commonwealth, the [c]ourt is in fact going to reinstate the original sentence."). Appellant did not raise a discretionary sentencing claim with the

court when his sentence was re-imposed, *id.* at 1-12, nor did he file a post-sentence motion following the December 10, 2019 hearing. Accordingly, we find waiver, and agree with Counsel that the issue is frivolous.

Finally, our independent review reveals no other non-frivolous issues that Appellant could raise on appeal. ***See Dempster***, 187 A.3d at 272. For all of the above reasons, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2020